IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              CRIMINAL NO. 5:25-50014-TLB

KEONDRE CONLEY                                                        DEFENDANT

## REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Defendant Keondre Conley filed a letter Motion to Vacate or Modify Sentence. (ECF No. 59). This Motion was originally sent to the Court of Appeals for the Eighth Circuit who forwarded the Motion to the District Court for filing. (ECF No. 59-1). The Motion was then referred to the undersigned on January 12, 2025, by Chief U.S. District Judge Timothy L. Brooks. Thereafter, Defendant was provided with a standard habeas corpus 28 U.S.C. § 2255 form and directed to file an amended Motion to Vacate by February 10, 2026. (ECF No. 60). Defendant has failed to comply with the undersigned's order, and his Motion to Vacate is subject to dismissal on this ground alone. Defendant's Motion also lacks merit as explained below.

Defendant was charged with and pled guilty to one (1) count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 1, 39, 41). On October 20, 2025, Judge Brooks imposed upon Defendant a sentence of, *inter alia,* imprisonment for forty-one (41) months in the Bureau of Prisons. (ECF Nos. 49, 50). Defendant appealed his Judgment to the Court of Appeals for the Eighth Circuit (ECF No. 52); no appellate decision has been reached as of the date of this Recommendation.

Defendant contends that, pursuant to the June 23, 2022, decision of the United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 591 U.S.1 (2022), his Second Amendment rights were violated in this prosecution, and he is entitled to be released from prison.

1

As additional support, Defendant cites *Range v. Att'y Gen.*, 124 F.4th 218 (3d Cir. 2024), and *United States v. Prince,* 700 F.Supp.3d 663 (N.D. Ill. 2023).

Contrary to Defendant's argument, the Supreme Court made clear in *Bruen* that its holding is "in keeping with *Heller." Id*. When it decided *Heller* in 2008, the Supreme Court stated that "'longstanding prohibitions on the possession of firearms by felons' are 'presumptively lawful,' and cited 'historical justifications' on which it could 'expound' later." *United States v. Williams,* 24 F.4th 1209, 1211 (8th Cir. 2022) (quoting *Heller*, 554 U.S. at 626-27 & n.26, 635). Moreover, Defendant's citation to decisions from the Third Circuit and an Illinois district court are not binding precedent in the Eighth Circuit who has found (contrary to *Range, supra*) § 922(g) constitutional post-*Bruen. United States v. Jackson,* 110 F.4th 1120, 1129 (8th Cir. 2024) (Chief Judge Colloton noted that given the Supreme Court's assurances in *Bruen* and *Heller,* "and the history that supports them. . , there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).″), r*eh'g en banc denied,* 121 F.4th 656 (2024); *see also United States v. White*, 2024 WL 3402741, at *3 (D. Minn. July 11, 2024).

While any number of gun cases presently percolating may be heard in the future by the Supreme Court, no past decision of the United States Supreme Court has declared § 922(g)(1) unconstitutional and applied that decision retroactively. Should a "new rule of constitutional law" apply in the future, Defendant may be entitled to again seek relief in this Court. That day, however, has not yet arrived.

For these reasons, it is recommended that Defendant's Motion to Vacate or Modify Sentence (ECF No. 59) be **DENIED** for failure to comply with this Court's orders and as lacking merit under *Bruen, supra.*

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of facts. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

RECOMMENDED this 23rd day of February 2026.


*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE